# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

**v.**                                                    Case No. 13-20099-01-CM
                                                          Civil Case No:  16-2412-JWL

**Mario A. King,**

    **Defendant.**

## MEMORANDUM & ORDER

In June 2016, defendant Mario A. King filed a motion to vacate his § 924(c) conviction in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).  Shortly thereafter, the parties agreed to stay the case pending resolution by the Supreme Court of two issues relevant to Mr. King's petition—whether the residual clause of § 924(c) is unconstitutionally vague and whether Hobbs Act robbery, which supported Mr. King's § 924(c) conviction, has a force element.  While the Supreme Court resolved the first issue in Mr. King's favor, *see Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) (residual clause in identically worded 18 U.S.C. § 16(b) is unconstitutionally vague), the Court resolved the second issue against Mr. King.  *See Stokeling v. United States*, 139 S. Ct. 544 (2019) (the degree of force necessary to commit common-law robbery is sufficient to satisfy the categorical definition of crimes of violence).

On January 23, 2019, counsel for Mr. King advised the court that he provided Mr. King with a Stipulation of Dismissal form in light of *Stokeling* and asked that Mr. King be provided 30 days to return that form, which would result in the dismissal of Mr. King's petition.  Counsel

further acknowledged that if the form was not received by the court within 30 days, then dismissal of Mr. King's petition was nonetheless appropriate. The court issued an order consistent with that request, providing Mr. King until February 25, 2019 to file a stipulation of dismissal. No stipulation has been filed. Accordingly, Mr. King's § 2255 petition is dismissed with prejudice in light of *Stokeling v. United States*, 139 S. Ct. 544 (2019).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. King's motion to vacate under 28 U.S.C. § 2255 (doc. 76) is dismissed.

**IT IS SO ORDERED.**

Dated this 1st day of March, 2019, at Kansas City, Kansas.

          s/ John W. Lungstrum
          John W. Lungstrum
          United States District Judge